UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FAIR HOUSING CENTER OF
METROPOLITAN DETROIT,

              Plaintiff,                        Case No. 16-10672

v.                                    District Judge Gershwin A. Drain
                                    Magistrate Judge R. Steven Whalen

JEWISH SENIOR LIFE OF
METROPOLITAN DETROIT, INC.,

              Defendant.

_____/

## ORDER

Before the Court is Defendant's Motion to Compel Responses to Discovery Requests [Doc. #16]. Defendant claims that Plaintiff has not responded to Requests for Production of Documents or Interrogatories, and has not provided "any evidence supporting a computation of damages as required by Rule 26(a)(1)(iii)." In its response [Doc. #21], filed on September 22, 2016, Plaintiff states, "This date answers, objections, and responses are being sent to counsel for defendant." However, counsel for the parties have informed the Court that this motion has not been resolved.

The Notice of Hearing filed on January 26, 2017 [Doc. #31] is VACATED. The motion will be decided on the written pleadings, E.D. Mich. L.R. 7.1(f)(2), and for the reasons discussed below, will be GRANTED.

Defendant's Interrogatories and Requests for Production were served on July 14, 2016. Plaintiff was required to respond within 30 days. *See* Fed.R.Civ.P. 33(b)(2) and 34(b)(2)(A). "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed.R.Civ.P. 33(b)(4).  "If the time limits set forth in the

-1-

discovery rules are to have any meaning, waiver is a necessary consequence of dilatory action in most cases. 'Any other result would...completely frustrate the time limits contained in the Federal Rules and give a license to litigants to ignore the time limits for discovery without any adverse consequences.'" *Carfagno v. Jackson Nat'l Life Ins. Co.*, 2001 WL 34059032, *1 (W.D. Mich. 2001), quoting *Krewson v. City of Quincy*, 120 F.R.D. 6, 7 (D.Mass. 1988). *Carfagno* also counseled courts to "examine the circumstances of each case, including the reason for tardy compliance, prejudice to the opposing party, and the facial propriety of the discovery requests." *Id.* at *1.

In this case, the Plaintiff's cursory response offers no persuasive reason for its failure to timely respond to the discovery requests, and Plaintiff has not argued the absence of prejudice to the Defendant. *See Carfagno*, at *2 ("[Defendant] has not attempted to explain the circumstances surrounding its tardiness in responding. Rather, in a somewhat cavalier fashion, it merely asserts that plaintiffs have not been prejudiced. This is insufficient."). In addition, I have reviewed the Interrogatories and Document Requests appended to Defendant's motion, and there is nothing unorthodox or unusual about those requests. Rather, they all appear completely focused on issues relevant to the claims and defenses in this lawsuit. Significantly, the document requests seek only non-privileged documents.[1]

Not having provided timely responses, Plaintiff has therefore waived any objections to Defendant's discovery requests. *See Edgington v. VW Credit, Inc.*, 2007 WL 1577825, *1 (E.D. Mich. 2007), citing *Phillips v. Dallas Carriers Corp.*, 133 F.R.D. 475, 477 (M.D.N.C. 1990).

---

[1] If Plaintiff claims privilege to any otherwise discoverable document, it must produce a privilege log.

Defendant's Motion to Compel Responses to Discovery Requests [Doc. #16] is GRANTED. Plaintiff will produce responses to Defendant's Interrogatories and Requests for Production within seven days of the date of this Order.

IT IS SO ORDERED.

s/R. Steven Whalen
R. STEVEN WHALEN
United States Magistrate Judge

Dated: February 2, 2017

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on February 2, 2017, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager